IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

JAMES B. SWEERIS,

        Plaintiff,

v.                                                CIVIL ACTION NO. 3:18-CV-89
                                                     (GROH)

CARRINGTON MORTGAGE SERVICES, LLC,

        Defendant.

# REPORT AND RECOMMENDATION

## I.    INTRODUCTION

On September 19, 2018, the Court ordered James B. Sweeris, *pro se* plaintiff ("Plaintiff") to show cause why his case should not be dismissed for failure to effectuate timely service of process pursuant to Federal Rule of Civil Procedure 4(m). ECF No. 13, at 2. On October 12, 2018, Plaintiff filed his response to the Court's order. ECF No. 16. Because Plaintiff has not shown good cause for failing to timely serve Carrington Mortgage Services, LLC ("Defendant") in this case, the undersigned recommends that Plaintiff's Complaint [ECF No. 1] be dismissed without prejudice.

## II.    PROCEDURAL HISTORY

On May 31, 2018, Plaintiff filed a Complaint [ECF No. 1] against Defendant as well as an Application to Proceed in District Court Without Prepaying Fees or Costs [ECF No. 2]. Chief District Judge Groh denied Plaintiff's application to proceed without prepaying fees or costs by order dated June 1, 2018 and directed Plaintiff to pay the filing fee, which Plaintiff paid on June 12, 2018. ECF Nos. 5, 9.

On July 24, 2018, Plaintiff filed a copy of his Interrogatories to Defendant. ECF No. 10. On September 17, 2018, Plaintiff filed his Request for Entry of Default Judgment. ECF No. 11. Chief Judge Groh construed this motion as a motion to compel and referred it to the undersigned by Order of Referral on September 18, 2018. ECF No. 12. Because a review of the docket indicated that Defendant had not been served nor had Defendant waived service, the Court denied as moot Plaintiff's Request for Entry of Default (construed as a motion to compel) and ordered Plaintiff to show cause why his case should not be dismissed for failure to effectuate timely service. ECF No. 13, at 2.

On October 12, 2018, Plaintiff responded to the Court's Order to Show Cause. ECF No. 16. Plaintiff simply stated that he "has prior effected[sic] proper service of this action on Defendant(s), verified through Federal Express delivery No. 8107-2285-3263." Id. at 1. Plaintiff provides no information regarding the materials contained in that FedEx delivery. Additionally, that package was delivered to Wheeling, West Virginia, while Plaintiff's certificates of service for other documents in this case have consistently indicated Defendant has a mailing address in California. See ECF No. 10, at 5; ECF No. 11, at 2; ECF No. 16, at 4. The remainder of Plaintiff's response consists of argument that his claim does not fail to state a claim for relief under the Federal Rule of Civil Procedure 12(b)(6) standard as set out in Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 556 U.S. 662 (2009). See generally id. A review of the docket reveals that Defendant has still not been served with process nor waived service of process, and no summons have been issued in this case.

### III. DISCUSSION

Federal Rule of Civil Procedure 4(m) states

> [i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Plaintiff in this case has not even attempted to explain why he failed to serve Defendant within 90 days of filing his complaint. Instead, he mailed some package[1] to Wheeling, West Virginia on October 11, 2018 and claimed that he has effectuated service of process on Defendant. This is not an appropriate response to the Court's order to show cause. First, at the time the Court ordered Plaintiff to show cause, Plaintiff had already failed to serve Defendant within 90 days of filing his complaint.[2] The record reveals that Plaintiff has not presented summons to be issued in this case. So, it is not possible that the documents in Plaintiff's FedEx package could be construed to have effectuated service of process. See Fed. R. Civ. P. 4(c)(1) ("A summons must be served with a copy of the complaint."). Second, even if the summons had been issued, Plaintiff cannot remedy his failure to properly serve Defendant by simply making untimely service of process. Because Plaintiff has had notice of this issue and has failed to show good cause for not timely serving Defendant in this case, the Court should dismiss Plaintiff's complaint without prejudice pursuant to Federal Rule of Civil Procedure 4(m).

---

[1] Because Plaintiff fails to include copies of the contents of his October 11, 2018 package, it is impossible for the undersigned to determine what was mailed to Wheeling. The court record indicates that a summons had not been issued as of the date of this Report and Recommendation.

[2] The undersigned notes that Plaintiff has failed to effectuate service of process within 90 days of either: (1) the filing of the complaint, on May 31, 2018, or (2) the payment of the filing fee, on June 12, 2018.

## IV.     RECOMMENDATION

For the foregoing reasons, I find that Plaintiff has not shown good cause for failing to timely serve Defendant in this case. Accordingly, I **RECOMMEND** that Plaintiff's Complaint [ECF No. 1] be **DISMISSED WITHOUT PREJUDICE**.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, Plaintiff James B. Sweeris may file written objections identifying the portions of the Report and Recommendation to which objections are made and the basis for such objections with the Clerk of the Court. A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation. See 28 U.S.C. § 636(b)(1); Wright v. Collins, 766 F.2d 841, 845–48 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); see also Thomas v. Arn, 474 U.S. 140, 155 (1985).

The Clerk is directed to send a copy of this Order to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as shown on the docket.

Respectfully submitted this 15th day of October, 2018.

ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE